UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEROME JULIUS BROWN,

Plaintiff,

v.

USPS PMG,

Defendants.

Case No. C19-295 RSM

ORDER OF DISMISSAL

*Pro se* Plaintiff Jerome Julius Brown has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. The Complaint was posted on the docket on March 21, 2019. Dkt. #5. Summons has not yet been issued.

On March 22, 2019, the Court issued an Order to Show Cause stating that Mr. Brown's claims appear frivolous and directing him to respond within 21 days. Dkt. #8. Mr. Brown has not filed a response or taken any other action in this case. The Court's Order warned that failure to respond would result in dismissal. *Id.*

Mr. Brown brings suit against the United States Postal Service and various postal officials. Dkt. #5. The facts and causes of action in this Complaint are not written in a coherent fashion. In an apparently erroneous citation, Mr. Brown states this is a case for restitution for injuries under 18 U.S.C. § 1106. For "amount in controversy" Mr. Brown states

ORDER OF DISMISSAL - 1

"John Brennan title company, Liber 6261 Folio 844 being the same as Liber 5348 Folio 480 Pat(ies) Jerome Julie & Patricia Ann Brown no consideration to sell." *Id*. at 5. The Court cannot understand what Mr. Brown is saying here. Under "statement of claim," Mr. Brown similarly writes "no consideration to sell," and other out-of-context phrases. Mr. Brown states that Megan Jane Brennan owes him $5,838,070.00 on a promissory note. *Id*. at 5. Where his Complaint contemplates summarizing this promissory note, Mr. Brown has included a photocopy of what appears to be an unrelated docket entry from another case. *See id.* at 6. Mr. Brown attaches a full page from a docket in another case with dates for docket entries in July of 2012. *Id*. at 7. Mr. Brown mentions "fraudulent title" and "forgery signatures" without explanation. *Id.* at 8. Under the section for "relief," Mr. Brown states only "cracked foundation, a crack in basement wall below water meter tunk [sic], relief a repair company ASAP, actual damages." *Id*. at 9. At the end of the Complaint, where the form he is using includes three signature lines for multiple plaintiffs, Mr. Brown signs this document three times.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court now finds that the Complaint fails to set forth a claim for relief as required by Federal Rule of Civil Procedure 8(a). There are almost no facts or coherent citations to law. Mr. Brown fails to state a claim against the named Defendant. Plaintiff's Complaint is frivolous and suffers from deficiencies that require dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

Given all of the above, the Court will dismiss this action for failing to state a claim and for frivolousness. *See* 28 U.S.C. § 1915(e)(2)(B). Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's claims are DISMISSED.

2) This case is CLOSED.

DATED this 25th day of April 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3